UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shannon Loray Lewis, #245552, | ) C/A No.: 6:12-3078-MGL-JDA |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Robert E. Ianurio; | ) |
| Greenville County Detention Center, | ) |
| Defendants. | ) |

Plaintiff Shannon Loray Lewis, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. Plaintiff is a detainee at the Greenville County Detention Center ("GCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

**BACKGROUND**

Plaintiff sues the GCDC and his court-appointed public defender claiming that he "orally" evoked his Sixth Amendment right to a fast and speedy trial on November 8, 2011 before Judge L.T. Simmons, who is not a named defendant. Plaintiff alleges he met with investigator "Debbie," and asked her to start collecting evidence and witnesses for his defense. He also claims he wrote two letters to Defendant Ianurio between November 2011 and December 2011 stating his desire to subpeona evidence and requesting a preliminary hearing and trial. Plaintiff alleges that Defendant Ianurio "refused" his request, and was late to the preliminary hearing.

Plaintiff alleges he moved to have Defendant Ianurio relieved as his counsel. The

motion was denied. Plaintiff alleges he tried to contact his attorney on a number of occasions without success, and again moved to have him relieved but the Clerk of Court refused to file the motion because Plaintiff was represented by counsel. Plaintiff alleges that eventually Defendant Ianurio presented him with an offer of fifteen years because, even though there was no evidence against Plaintiff, Defendant Ianurio had no statement from a key witness and no date for a trial.

Plaintiff asked for transcripts of the bond and preliminary hearings, and a copy of his speedy trial motion. Defendant Ianurio responded that there were no recordings of the preliminary hearing and that, after 10 days, they were purged from the system. Plaintiff alleges he received the speedy trial motion but observed it was filed eleven months after his "initial instruction." Plaintiff alleges he has written letters to Defendant Ianurio, the Chief Public Defender, and the trial judge but has not received replies.

In this prayer for relief, he asks the court to grant a declaration that his right to a speedy trial, his right to counsel, and his right to have compulsory process for obtaining witnesses in his favor have all been denied. Plaintiff also seeks prospective injunctive relief against the defendants to "cease the practice of violating the constitutional rights of future clients and detainees by providing the legal services required by constitutional law and GCDC." Plaintiff also asks for a law library and a clear system of grievances. He further seeks injunctive relief against defendants to allow detainees the option for a speedy trial or the option "to waive in front of Judge, Solicitor, Public Defender..." Plaintiff asks for "an official file date .... [of] Nov 8 . 2011." He also seeks compensatory damages of $250,000.00 against each Defendant, a jury trial, recovery of costs, and additional relief the court deems just and proper.

**DISCUSSION**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the Complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the

Court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

This Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred:' " *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To state a claim under § 1983, a Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

Plaintiff can not proceed against his court appointed attorney because the attorney has not acted under color of state law. As noted, in order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not

act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981)(public defender). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)(As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that "most rights secured by the Constitution are protected only against infringement by governments...") *citing Flagg Brothers*, 436 U.S. 149, 156, 98 S.Ct. 1729, 1733 (1978).

Since a claim for relief under § 1983, must sufficiently allege that the Plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law," *see* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"), *and generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002), it is well settled that only "persons" may act under color of state law. Therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. *See Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Consequently, the Plaintiff may not proceed

against the GCDC because it is not a "person" acting "under color of state law."

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra*; *Neitzke v. Williams, supra; Haines v. Kerner, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

November 21, 2012<br>
Greenville, South Carolina

***The Plaintiff's attention is directed to the important NOTICE on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Room 239
> 300 East Washington St.
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).