IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shannon Loray Lewis, #245552, | ) Civil Action No.: 6:12-3078-MGL |
| Plaintiff, | ) |
| vs. | ) **ORDER AND OPINION** |
| Robert E. Ianurio; Greenville County Detention Center, | ) |
| Defendant. | ) |

Plaintiff Shannon Loray Lewis ("Plaintiff") is a pre-trial detainee at the Greenville County Detention Center in Greenville, South Carolina. Plaintiff, proceeding *pro se* and *in forma pauperis,* filed a complaint on October 30, 2012 pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff asks inter alia the Court to grant a declaration that his right to a speedy trial, his right to counsel, and his right to have compulsory process for obtaining witnesses in his favor have been denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Jacquelyn D. Austin for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act, as well as applicable case precedents. On November 21, 2012, the Magistrate Judge issued a Report and Recommendation ("Report") in which she recommended that Plaintiff's complaint be summarily dismissed. The Magistrate Judge determined that: (1) Plaintiff cannot proceed against Defendant Robert E. Ianurio ("Ianurio"), his Court appointed attorney, because Ianurio has not acted under color of state law, and (2) Plaintiff cannot proceed against the Greenville County Detention Center ("GCDC") because GCDC is not a "person" for purposes of § 1983. (ECF No. 14.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 14 at 7.) Plaintiff has filed no objections and the time for doing so has expired. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Although Plaintiff did not file objections to the Report, Plaintiff filed a Motion for an Extension of time to Amend Complaint pursuant to Rules 15(a) and 19(a) of the Federal Rules of Civil Procedure on December 3, 2012. (ECF No. 17.) Leave to amend should be freely given "when justice so requires." Fed.R.Civ.P. 15(a)(2). While this Court is given discretion to deny the motion to amend, "that discretion is limited by the interpretation given Rule 15(a) in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) , 'and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits.' " *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir.1987) (citation omitted). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would

be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999) *(quoting Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986)).

In his motion, Plaintiff indicated that his research capabilities were disadvantaged because he had to wait for case law for several weeks; that he was not receiving paper or envelopes as needed and when requested; that he does not have liberal access to legal materials and information; that he has been housed in disciplinary segregation for non-disciplinary, retaliatory, and frivolous reasons; and that the denial of appointment of counsel has hindered his ability to proceed. However, Plaintiff includes no facts to support an inference that any type of amendment would cure the defects that the Magistrate Judge identified in Plaintiff's original complaint. Accordingly, the Court believes such an amendment would be futile.

After careful review of the record, the applicable law, and the Report and Recommendation in the case, the Court finds the Magistrate Judge's recommendation to be proper. Accordingly the Report and Recommendation is incorporated herein by reference. It is therefore ORDERED that Plaintiff's complaint be DISMISSED without prejudice and without service of process. Plaintiff's Motion for Extension of Time to Amend Complaint (ECF No. 17) is DENIED.

IT IS SO ORDERED.

s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
January 15, 2013